JS 44 (Rev 10/20)

# CIVIL COVER SHEET

County in which action arose: **Wayne**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Spencer Seguin, et al.

**(b)** County of Residence of First Listed Plaintiff  **Wayne**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Benjamin J Hall, Ben Hall Law, 139 W Lake Lansing Road
Suite 140, East Lansing, MI 48823

## DEFENDANTS

Royal Highness, LLC and Herbology Cannabis Co

County of Residence of First Listed Defendant  **Wayne**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1  U S Government Plaintiff | ☒ 3  Federal Question *(U.S. Government Not a Party)* |
| ☐ 2  U S Government Defendant | ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane  **PERSONAL INJURY** | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability  ☐ 365 Personal Injury - Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Label & Slander  ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine  ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle  **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability  ☐ 370 Other Fraud | ☒ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury  ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice  ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| | | ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights  **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting  ☐ 463 Alien Detainee | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment  ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations  ☐ 530 General | | ☐ 870 Taxes (U S Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer w/Disabilities - Employment  ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer w/Disabilities - Other  **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education  ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U S Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*
Fair Labor Standards Act, 29 U S C 201, et seq and 29 U S C 216(b)

Brief description of cause
Unlawful retention and distribution of tips

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F R Cv P

DEMAND $  Unknown

CHECK YES only if demanded in complaint
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*

JUDGE _____    DOCKET NUMBER _____

DATE  10/11/2024

SIGNATURE OF ATTORNEY OF RECORD  B. Hall  P84975

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG JUDGE _____

## PURSUANT TO LOCAL RULE 83.11

1.          Is this a case that has been previously dismissed?              ☐ Yes
                                                                            ☑ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____


2.          Other than stated above, are there any pending or previously
            discontinued or dismissed companion cases in this or any other       ☐ Yes
            court, including state court? (Companion cases are matters in which   ☑ No
            it appears substantially similar evidence will be offered or the same
            or related parties are present and the cases arise out of the same
            transaction or occurrence.)

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____


Notes :

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

| | | |
|---|---|---|
| Spencer Seguin, et al. | ) ) ) | Civil Action No. 2:24-cv-12691 |
| *Plaintiff,* | ) ) | |
| v. | ) ) | Hon. |
| | ) ) | |
| Royal Highness, LLC d/b/a Herbology Cannabis Co. and Herbology Cannabis Co. | ) ) | |
| *Defendant.* | ) | |

## SUMMONS IN A CIVIL ACTION

To:
Royal Highness, LLC and Herbology Cannabis Co.
10248 W Jefferson Avenue, River Rouge, Michigan 48218.

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Benjamin J. Hall
Ben Hall Law
139 W Lake Lansing Road, Suite 140
East Lansing, Michigan, 48823

If you fail to respond, judgment by default may be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*KINIKIA D. ESSIX, CLERK OF COURT*

By: _____
*Signature of Clerk or Deputy Clerk*

Date of Issuance: _____

AO 440 (Rev. 06/12) Summons in a Civil Action

## Summons and Complaint Return of Service

Case No.

Hon.

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))***

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):* _____

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____          _____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc:

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

SPENCER SEGUIN, and all others  )
similarly situated,                            )
                                                       )
      Plaintiff,                      )
                                                       )   Civil Action No. 2:24-cv-12691
v.                                                     )
                                                       )   **JURY TRIAL DEMANDED**
ROYAL HIGHNESS, LLC d/b/a/        )
HERBOLOGY CANNABIS CO., and  )
                                                       )
HERBOLOGY CANNABIS CO.,         )
                                                       )
      Defendants.                     )

_____

## COLLECTIVE AND CLASS ACTION COMPLAINT

1.      Plaintiff Spencer Seguin is employed by the Defendant, and he brings this action as a collective action in accordance with 29 U.S.C. § 216(b) of the Fair Labor Standards Act (FLSA), and as class action under Michigan common law, against the Defendant on behalf of himself and all others similarly situated because of Defendant's failure to pay wages in accordance with the FLSA and Michigan common law. Plaintiff seeks a declaratory judgment under 28 U.S.C. § 2201 and compensation, liquidated damages, equitable and other relief available under the FLSA, as amended, 29 U.S.C. § 201 *et seq*., and under Michigan common law.

### JURISDICTION AND VENUE

2.      Jurisdiction is conferred on this Court by 29 U.S.C. § 216(b), 28 U.S.C. § 1331, 28 U.S.C. § 1337, and 28 U.S.C. § 1367(a).

3.      Venue lies within this district pursuant to 28 U.S.C. § 1391.

### PARTIES

4.      Plaintiff Spencer Seguin is employed by Defendant in the position of budtender at Defendant's Jefferson Avenue retail location in River Rouge, Michigan. Plaintiff has given his written consent to be a party-plaintiff in this action pursuant to 29 U.S.C. § 216(b). His consent is appended to this Complaint as Exhibit A. Plaintiff brings this action as a collective action on behalf of himself and all others similarly situated in accordance with 29 U.S.C. § 216(b). Plaintiff also brings this action as a class action on behalf of himself and the class defined below in accordance with Fed. R. Civ. P. Rule 23.

5.      Defendant Royal Highness, LLC d/b/a Herbology Cannabis Co. ("Herbology") is a cannabis company headquartered at 10248 W Jefferson Avenue, River Rouge, Michigan 48218. Defendant Royal Highness, LLC owns and operates cannabis dispensaries in Michigan.

6.      Defendant Royal Highness, LLC does business in Michigan as Herbology Cannabis Co. Defendant Herbology does business in Michigan. The mailing address, principal place of business and corporate headquarters of Defendants is 10248 W Jefferson Avenue, River Rouge, Michigan 48218. Defendants can be served through their registered agent, Nickolas G. Calkins, at 10248 W Jefferson Avenue, River Rouge, Michigan 48218.

7.      Defendants are "employers" within the meaning of 29 U.S.C. § 203(d). Defendants are "persons" within the meaning of 29 U.S.C. § 203(a)

8.      At all times material to this action, Defendants have been enterprises engaged in commerce as defined by 29 U.S.C. § 203(r)(1), with an annual dollar business volume exceeding $500,000.

9.      At all times material herein, Defendants have been actively conducting business in Michigan.

## **FACTS**

10.     Defendants own and operate cannabis dispensaries in Michigan. Herbology operates entirely in Michigan. There are at least 7 Herbology stores in Michigan that are owned and operated by Defendants.

11.     Plaintiff has been employed by Defendants as a budtender from April 2024, continuing through the present.

12.     Plaintiff works at the Jefferson Avenue Herbology location, located at 11392 W Jefferson Avenue, River Rouge, Michigan, 48218.

13.     Defendants' stores sell a variety of cannabis products for recreational purposes.

14.     Defendants' stores are staffed by a store manager, supervisors, and budtenders, among other employees. In each store, there are typically 6-8 budtenders, 1-2 supervisors, and 1 store manager.

15.     Budtenders work on the sales floor and at the cash register assisting customers in the selection of cannabis products.

16.     As a budtender, Defendants pay Plaintiff and those similarly situated at an hourly rate of $15 per hour. Plaintiff and those similarly situated also customarily and regularly earns more than $30 per month in tips.

17.     Supervisors and store managers oversee the budtenders and work in the back office conducting inventory and completing paperwork, among other managerial tasks.

18.     It is common in the industry for cannabis dispensary customers to leave tips.

19.     At Herbology stores, customers can purchase products in one of two ways, with cash or with a credit card. Customers can leave tips regardless of their method of payment.

20.     Specifically, customers can leave tips in one of two ways. First, there is a tip jar located in front of each cash register where customers can leave cash tips. Second, if customers pay with a credit card, they are able to leave a credit tip through the electronic payment system.

21.     Pursuant to company-wide policy and practice, Defendant uses a mandatory tip pool system to distribute tips, both cash and credit, to employees.

22.     Up until approximately September 15, 2024, pursuant to company-wide policy and practice, tips, both cash and credit, were distributed to employees daily. Cash tips were gathered and pooled from the tip jars, and the amount of credit card tips would be taken out of the register in cash and added to the tip pool. At the end of each workday, the tips were divided evenly among all employees, including budtenders, supervisors, and the store manager, who worked in the store that day.

23.     After approximately September 15, 2024, pursuant to company-wide policy and practice, tips, both cash and credit, have been distributed to employees on a weekly basis. At the end of each workweek, the tips are divided among all employees, including budtenders, supervisors, and the store manager, based on the number of people working in the store and the number of hours each person worked.

## COLLECTIVE ACTION FOR VIOLATIONS OF THE FLSA

24.     Defendant has violated the provisions of the FLSA, resulting in damages to Plaintiff and those similarly situated to Plaintiff, in the form of wrongfully withheld tips, incurred and incurring costs, and reasonable attorneys' fees.

25.     As a result of the failure to pay wages in accordance with the FLSA, Plaintiff, as well as those similarly situated to Plaintiff, have suffered monetary damages by not receiving their lawfully owed tips during their tenure of employment with Defendants. In addition to the amount

4

of unpaid tips owing to the Plaintiff and those similarly situated to the Plaintiff, Plaintiff and those similarly situated are also entitled to an additional amount equal to the unpaid tips as liquidated damages pursuant to 29 U.S.C. § 216(b).

26.     Plaintiff and those similarly situated to Plaintiff are entitled to an award of attorneys' fees and expenses pursuant to 29 U.S.C. § 216(b).

27.     Defendants' actions in failing to compensate Plaintiff and other similarly situated employees of Defendants in accordance with the provisions of the FLSA were willful and not in good faith.

28.     There are numerous other similarly situated employees and former employees of Defendants who have been improperly compensated in violation of the FLSA who would benefit from the issuance of court-supervised notice of the present lawsuit providing them with the opportunity to join. Specifically, all employees and former employees of Defendants who have been employed in the position of budtender at Herbology stores and who participated in a mandatory tip pool should receive notice and be given the opportunity to join the present lawsuit.

### CLASS ACTION FOR VIOLATIONS OF MICHIGAN COMMON LAW

29.     Defendants have violated Michigan common law, resulting in damages to Plaintiff and all Class Members in the form of withheld tips, liquidated damages, incurred and incurring costs, and reasonable attorneys' fees.

30.     The Class is defined as follows: All individuals employed by Defendants as hourly-paid budtenders in Herbology stores in Michigan who participated in a mandatory tip pool at any time within the past three years.

31.     Upon information and belief, there are in excess of 100 members of the Class. Thus, the Class is so numerous that joinder of all members is impracticable. Although the precise number

of such persons is unknown, Class Members are known to Defendants, are readily identifiable, and can be located through Defendants' work and payroll records.

32.     There are questions of law and fact common to the members of the Class, including but not limited to whether Defendants violated Michigan common law by implementing an unlawful tip pool that, among other things, required sharing of tips with supervisors and managers.

33.     Other common questions of law and fact include, but are not limited to:

    (a) Whether the Defendants required Plaintiff and Class Members to participate in a tip pool that unlawfully included supervisors, managers and other employees who do not customarily and regularly receive tips;

    (b) Whether Defendants were unjustly enriched by their practices; and

    (c) Whether as a result of violations of Michigan common law, the Plaintiff and the members of the Class are also entitled to an award of attorneys' fees and costs.

34.     The claims of Plaintiff Seguin are typical of all members of the Class. Plaintiff Seguin has the same interests in this matter as all members of the Class.

35.     Plaintiff Seguin is an adequate class representative, is committed to pursuing this action, and has retained competent counsel experienced in wage and hour law and class action litigation to represent the Class.

<u>**COUNT ONE**</u>
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**

36.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

37.     At all times material herein, Plaintiff and similarly situated budtenders have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201, *et seq.*

38.     Under the FLSA, an "employer may not keep tips received by its employees for any purposes, including allowing supervisors to keep any portion of employees' tips." 29 U.S.C. § 203(m)(2)(B); 29 C.F.R. § 531.50.

39.     Defendants' mandatory tip pool includes not only budtenders, but also the supervisors and managers in violation of 29 U.S.C. § 203(m)(2)(B).

40.     The mandatory tip pool, which unlawfully includes the supervisors and managers, resulted in Plaintiff and those similarly situated not being paid the full amount of tips owed to them pursuant to the FLSA.

41.     Defendants' violations of the FLSA as alleged herein have been done in a willful and bad faith manner.

42.     As a result of the aforesaid willful violations of the FLSA, compensation has been unlawfully withheld by Defendants from Plaintiff and similarly situated persons for which the Defendants are liable pursuant to 29 U.S.C. § 216(b), together with an additional equal amount as liquidated damages, as well as reasonable attorneys' fees and the costs of this action.

43.     The employment and work records for the Plaintiff and similarly situated employees are in the exclusive possession, custody, and control of Defendants, and Plaintiff is unable to state at this time the exact amount owing to him and to those similarly situated. Defendants are under a duty imposed by 29 U.S.C. § 211(c) and the regulations of the U.S. Department of Labor to maintain and preserve Plaintiff's and similarly situated persons' payroll and other employment records from which the amounts of the Defendants' liability can be ascertained.

## COUNT TWO
## UNJUST ENRICHMENT

44.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

45.     Plaintiff and the Class are entitled to retention of all of the tips paid to them by customers.

46.     Defendant failed to properly account for the tips paid to Plaintiff and the Class and retained the fruits of the labor of Plaintiff and the Class, and retained the monies that should have been paid to Plaintiff and the Class as tips.

47.     Defendants were unjustly enriched by their refusal to pay Plaintiff and the Class all tips owed and have benefited at their expense.

48.     Defendants should be required to disgorge this unjust enrichment.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays that this Court grant relief against the Defendants as follows:

(a)     Enter a declaratory judgment declaring that the Defendants have willfully and wrongfully violated Plaintiff's statutory and legal obligations and deprived Plaintiff and all others who are similarly situated of their rights, privileges, protections, compensation, benefits, and entitlements under the law, as alleged herein;

(b)     Order a complete and accurate accounting of all the compensation and disgorged tips to which the Plaintiff, all others who are similarly situated and the Class Members are entitled;

(c)     Award Plaintiff, and all others who are similarly situated, monetary damages under the FLSA in the form of back pay compensation, payment of disgorged tips, and benefits; unpaid entitlements; and liquidated damages equal to their unpaid compensation;

(h)     Award Plaintiff, all those similarly situated, and all Class Members their reasonable

attorneys' fees to be paid by the Defendant, and the costs and disbursements of this action; and

(i)     Grant such other legal and equitable relief as may be just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a jury trial in this action.


Dated: October 11, 2024                       Respectfully submitted,



*/s/ Benjamin J. Hall*
Benjamin J. Hall (P84975)
Ben Hall Law
139 W. Lake Lansing Rd.
Suite 140
East Lansing, MI 48823
Phone: 517-798-5801
Fax: 616-236-5179
discovery@BenHallLaw.com
www.BenHallLaw.com



*/s/ Molly A. Elkin*
Molly A. Elkin (*pro hac vice to be submitted*)
Rachel Lerner (*pro hac vice to be submitted*)
McGILLIVARY STEELE ELKIN LLP
1101 Vermont Ave., NW
Suite 1000
Washington, DC 20005
Telephone: (202) 833-8855
Fax: (202) 452-1090
mae@mselaborlaw.com
rbl@mselaborlaw.com

*Attorneys for Plaintiff*