UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

| | |
|---|---|
| SPENCER SEGUIN, and all Others similarly situated, | Case No. 2:24-cv-12691 Hon. Robert J. White |
| Plaintiff, | |
| vs. | |
| ROYAL HIGHNESS, LLC d/b/a HERBOLOGY CANNABIS CO., and HERBOLOGY CANNABIS CO., | |
| Defendants. | |

_____/

**MOTION TO DISMISS COLLECTIVE AND CLASS ACTION COMPLAINT**

Defendants Royal Highness, LLC d/b/a Herbology Cannabis Co., and Herbology Cannabis Co., by their attorneys Sterling Attorneys at Law, P.C., for their Motion to Dismiss Collective and Class Action Complaint, submit the following:

1.  Plaintiff commenced the instant action on behalf of himself, and others similarly situated, on or about October 11, 2024.

2.  Defendants executed a Waiver of Service on or about October 28, 2024, and their Answer to the Complaint is due on December 13, 2024.

3. In the Complaint, plaintiff, a current employee of defendants, alleges violations of the Fair Labor Standard Act ("FLSA") and Michigan common law.

4. However, on April 17, 2024, plaintiff signed an Employment Agreement that contained dispute resolution terms, including mandatory pre-suit mediation, followed by binding arbitration.

5. Accordingly, plaintiff's claims are barred by the parties' dispute resolution policy.

6. Defendants move pursuant to Federal Rules of Civil Procedure 12(b)(1), (b)(3), and (b)(6), and the Federal Arbitration Act, 9 USC 1, *et seq*, to dismiss plaintiff's complaint.

7. On December 11, 2024, defense counsel sought concurrence from plaintiff's counsel regarding this motion as required by L.R. 7.1(a) and provided plaintiff's counsel detailed information regarding the basis for the arguments herein. Such concurrence has not been granted, making this motion necessary.

Wherefore, and as set forth more fully in the accompanying brief and exhibit, defendants request that this Court dismiss plaintiff's complaint in its entirety, with prejudice, and compel arbitration as to plaintiff's individual claims only.

        Respectfully submitted,

        STERLING ATTORNEYS AT LAW, P.C.

        By:   /s/Brian J. Farrar
               Brian J. Farrar (P79404)
               Attorney for Defendants
               33 Bloomfield Hills Pkwy., Ste. 250
               Bloomfield Hills, MI 48304
               (248) 644-1500

Dated: December 11, 2024

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———————

| | |
|---|---|
| SPENCER SEGUIN, and all<br>Others similarly situated, | Case No. 2:24-cv-12691<br>Hon. Robert J. White |
|       Plaintiff, | |
| vs. | |
| ROYAL HIGHNESS, LLC d/b/a<br>HERBOLOGY CANNABIS CO., and<br>HERBOLOGY CANNABIS CO., | |
|       Defendants.<br>_____/ | |

**BRIEF IN SUPPORT OF MOTION TO DISMISS
COLLECTIVE AND CLASS ACTION COMPLAINT**

## STATEMENT OF ISSUES

1. Given the clear and conspicuous arbitration provision in plaintiff's employment agreement, should plaintiff be required to arbitrate his claims on an individual basis, consistent with the Federal Arbitration Act, 9 USC 1, *et seq.*, and relevant Sixth Circuit caselaw?

   SUGGESTED ANSWER: Yes.

## CONTROLLING AUTHORITY

The Federal Arbitration Act, 9 USC 1, *et seq.*

*Moses H Cone Mem'l Hosp v Mercury Constr Corp*, 460 US 1 (1983)

*AlixPartners, LLP v Brewington*, 836 F3d 543 (6th Cir 2016)

## TABLE OF CONTENTS

STATEMENT OF ISSUES ......................................................................................... i

CONTROLLING AUTHORITY ................................................................................ ii

INDEX OF AUTHORITIES ..................................................................................... iv

INTRODUCTION ...................................................................................................... 1

ARGUMENT .............................................................................................................. 2

    I.    Plaintiff's Claims are Subject to Arbitration and Should be Dismissed ............................................................................................... 3

    II.   Plaintiff's Collective and Class Action Claims Should be Dismissed with Prejudice Because the Parties Never Agreed Those Claims Could be Brought in Arbitration ............................ 4

CONCLUSION ........................................................................................................... 6

# INDEX OF AUTHORITIES

## Case Law

*Albert M Higley Co v N/S Corp,* 445 F3d 861 (6th Cir 2006) ............................... 3
*AlixPartners, LLP v Brewington*, 836 F3d 543 (6th Cir 2016) ........................... 5, 6
*AT & T Mobility LLC v Concepcion*, 563 US 333 (2011) ....................................... 5
*Dean Witter Reynolds, Inc v Byrd*, 470 US 213 (1985) .......................................... 2
*Epic Systems Corp v Lewis*, 584 US 497 (2018) ..................................................... 4
*Fazio v Lehman Bros, Inc*, 340 F3d 386 (6th Cir 2003) ..................................... 2, 4
*Floss v Ryan's Family Steak Houses, Inc*, 211 F3d 306 (6th Cir 2000) .................... 4
*Great Earth Cos, Inc v Simons,* 288 F3d 878 (6th Cir 2002) ................................... 3
*Javitch v First Union Sec, Inc,* 315 F3d 619 (6th Cir 2003) .................................... 3
*Moses H Cone Mem'l Hosp v Mercury Constr Corp*, 460 US 1 (1983) .................... 2
*Reed Elsevier, Inc ex rel LexisNexis Div v Crockett*, 734 F3d 594 (6th Cir 2013) ... 4, 5
*Ripmaster v Toyoda Gosei, Co, Ltd*, 824 F Supp 116 (ED Mich, 1993) ................ 4
*Seawright v Am Gen Fin Servs, Inc*, 507 F3d 967 (6th Cir 2007) ............................ 2
*Stolt-Nielsen SA v AnimalFeeds Int'l Corp*, 559 US 662 (2010) ............................. 5
*Stout v JD Byrider*, 228 F3d 709 (6th Cir 2000) ..................................................... 2

## Statutes, Court Rules, Misc.

The Federal Arbitration Act, 9 USC 1, *et seq.* ....................................................... 2

## INTRODUCTION

Plaintiff has filed this collective action for relief under the Fair Labor Standards Act (the "FLSA"), 29 USC 201 *et seq.*, and Michigan common law, alleging that defendants improperly instituted a tip-pooling policy at the location where plaintiff works (Complaint, ECF No. 1). However, plaintiff's lawsuit is barred by the dispute resolution policy in his Employment Agreement which requires plaintiff submit to pre-suit mediation, followed by binding arbitration (**EX A**, Employment Agreement).

Specifically, the parties' dispute resolution policy requires a two-step process for resolving any disputes. First, prior to initiating any legal action, the plaintiff must submit to non-binding mediation (*id*, § 18.01). If the parties cannot resolve the issue by mediation, the plaintiff must then serve a notice of arbitration to the defendants (*id*). The arbitration provision set forth in the employment agreement broadly covers "[a]ny dispute, controversy or claim arising out of, relating to or in connection with this Agreement brought by Employee … (*id*).

To date, plaintiff has failed to comply with these obligations as set forth in his employment agreement, and plaintiff's lawsuit should be dismissed in favor of arbitration. Additionally, plaintiff's collective or class action claims must also be dismissed, with prejudice, because plaintiff's employment agreement does not permit him to bring claims in arbitration on behalf of others.

1

# ARGUMENT

It is well-settled that the Federal Arbitration Act ("FAA"), 9 USC 1, *et seq.*, manifests "a liberal federal policy favoring arbitration agreements[.]" *Moses H Cone Mem'l Hosp v Mercury Constr Corp*, 460 US 1, 24 (1983); *see also Seawright v Am Gen Fin Servs, Inc*, 507 F3d 967, 972 (6th Cir 2007) (recognizing that the FAA "embodies the national policy favoring arbitration and places arbitration agreements on equal footing with all other contracts") (internal quotations omitted). Accordingly, "any doubts regarding arbitrability should be resolved in favor of arbitration." *Fazio v Lehman Bros, Inc*, 340 F3d 386, 392 (6th Cir 2003) (citing *Moses H Cone Mem'l Hosp*, 460 US at 24-25).

It is further settled that the provisions of the FAA are mandatory. *See* 9 USC §§ 3-4. In fact, the U.S. Supreme Court has held that the FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts **shall** direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc v Byrd*, 470 US 213, 218 (1985) (emphasis in original).

When a plaintiff who signed an arbitration provision files suit in federal court, such as in the instant case, the Sixth Circuit uses a four-factor test to determine whether an unwilling party can be compelled to arbitrate. *Stout v JD Byrider*, 228 F3d 709, 714 (6th Cir 2000). First, the Court must determine whether the parties agreed to arbitrate. *Id.* Next, the Court must determine the scope of

2

that agreement to arbitrate. *Id*. Third, if the plaintiff asserts any federal statutory claims, the Court must consider whether Congress intended for those claims to be non-arbitrable. *Id*. Fourth, if the Court concludes that some, but not all, of the claims alleged in the complaint are subject to arbitration, it must decide whether a stay of the remaining claims is warranted. *Id*; *see also Javitch v First Union Sec, Inc,* 315 F3d 619, 624 (6th Cir 2003) (the district court must engage in a limited review to determine whether the dispute is arbitrable) (quotations and citations omitted).

I.   **Plaintiff's Claims are Subject to Arbitration and Should be Dismissed.**

Here, there is no question that the Sixth Circuit's test for compelling arbitration has been met. Regarding the first factor, it is undisputed that the parties' employment agreement contains a provision to arbitrate (**EX A**, § 18.01).

Turning to the second factor, there is no question that the scope of the arbitration agreement covers the claims plaintiff has alleged in the complaint. When analyzing the scope of an arbitration agreement, courts must consider the language of the agreement "in light of the strong federal policy in favor of arbitration, resolving any doubts as to the parties' intentions in favor of arbitration." *Albert M Higley Co v N/S Corp,* 445 F3d 861, 863 (6th Cir 2006) (citing *Great Earth Cos, Inc v Simons,* 288 F3d 878 (6th Cir 2002)). Specifically, plaintiff agreed to arbitrate "[a]ny dispute, controversy or claim arising out of,

3

relating to or in connection with" his employment agreement that he signed with these defendants (*id*). To the extent there is even any doubt at all that plaintiff agreed to arbitrate his wage-related disputes, Sixth Circuit policy nonetheless resolves that doubt in favor of arbitration. *Fazio*, 340 F3d at 392.

Regarding the third and fourth factors, courts have repeatedly held that claims brought under the FLSA (and other wage-related claims) can be effectively adjudicated through arbitration. See *Floss v Ryan's Family Steak Houses, Inc*, 211 F3d 306, 313 (6th Cir 2000); *Epic Systems Corp v Lewis*, 584 US 497, 505 (2018) (approving arbitration agreement as applied to a FLSA claim); *Ripmaster v Toyoda Gosei, Co, Ltd*, 824 F Supp 116, 118 (ED Mich, 1993) (unjust enrichment claims are subject to arbitration).

Thus, there is no basis for finding that any of plaintiff's claims are exempt from arbitrability under existing case law.

## II. Plaintiff's Collective and Class Action Claims Should be Dismissed with Prejudice Because the Parties Never Agreed Those Claims Could be Brought in Arbitration.

Here, it is clear that plaintiff's employment agreement does not authorize collective or classwide arbitration and as a result, plaintiff must proceed to arbitration on an individual basis. As an initial matter, "whether an arbitration agreement permits classwide arbitration is a gateway matter, which is reserved for judicial determination unless the parties clearly and unmistakably provide otherwise." *Reed Elsevier, Inc ex rel LexisNexis Div v Crockett*, 734 F3d 594, 599 (6th

Cir 2013). In this Circuit, classwide arbitration is prohibited unless the underlying agreement explicitly provides for it. *AlixPartners, LLP v Brewington*, 836 F3d 543, 553 (6th Cir 2016) ("[a]n agreement must expressly include the possibility of classwide arbitration for us to conclude that the parties agreed to it") (citing *Reed Elsevier*, 734 F3d at, 600). That is because "class-action arbitration changes the nature of arbitration to such a degree that it cannot be presumed the parties consented to it by simply agreeing to submit their disputes to an arbitrator." *Stolt-Nielsen SA v AnimalFeeds Int'l Corp*, 559 US 662, 685 (2010); see also *AT & T Mobility LLC v Concepcion*, 563 US 333, 347 (2011) (classwide arbitration involves "additional and different procedures" which make it "inconsistent with the FAA").

Even a broad arbitration agreement that requires parties to arbitrate any and all disputes is insufficient to allow for classwide arbitration unless the parties explicitly agreed to it. *AlixPartners, LLP*, 836 F3d at 553; *Cooper v Honeywell Intl, Inc*, 220 F Supp 3d 850, 859 (WD Mich, 2016) (rejecting plaintiffs' argument to compel defendant to classwide arbitration when the parties never expressly agreed to it). Therefore, when an agreement is silent on class arbitration, courts have disallowed classwide arbitration.

In this case, there is nothing in plaintiff's employment agreement, or the dispute resolution provision, that suggests the parties agreed to collective or classwide arbitration. In fact, the agreement even states that the parties agree to

5

arbitrate "[a]ny dispute, controversy or claim arising out of, relating to or in connection with *this Agreement* …" which includes terms and conditions of plaintiff's employment such has his hours and compensation (**EX A**, § 18.01). It says nothing about allowing plaintiff to litigate the conditions of other employees' employment, or what their agreements may or may not provide for. See *AlixPartners, LLP*, 836 F3d at 553 (finding no express agreement for classwide arbitration when the agreement at issue "limits its scope to claims 'arising out of or in connection with any aspect of *this Agreement*,' as opposed to other employees' and/or potential employees' agreements").

Moreover, not only is the employment agreement silent on collective or classwide arbitration, it requires plaintiff and defendants to submit to nonbinding mediation before arbitration, further reinforcing the notion that the agreement was intended to take advantage of the benefits of speedy and impartial alternative dispute resolution procedures – rather than costly and time-consuming class litigation. Thus, since there is no express agreement for collective or classwide arbitration, the Court should require plaintiff to proceed to arbitration on an individual basis.

## CONCLUSION

Plaintiff either forgot he signed an arbitration provision in his employment agreement, or now wishes he did not. Either way, the provision requiring arbitration is entitled to enforcement under the FAA. Thus, for the reasons set

forth above, defendants respectfully request that plaintiff's complaint be dismissed, and that plaintiff be compelled to arbitration on an individual basis, consistent with terms of his employment agreement.

| | |
|---|---|
| **PROOF OF SERVICE**<br><br>I certify that on December 12, 2024, I filed the foregoing paper with the Clerk of the Court using the ECF system which will electronically send notification to all counsel of record.<br><br>/s/Brian J. Farrar<br>Sterling Attorneys at Law, P.C.<br>33 Bloomfield Hills Pkwy., Ste. 250<br>Bloomfield Hills, MI 48304<br>(248) 644-1500<br>bfarrar@sterlingattorneys.com | Respectfully submitted,<br><br>STERLING ATTORNEYS AT LAW, P.C.<br><br>By: /s/Brian J. Farrar<br>Brian J. Farrar (P79404)<br>Attorney for Defendants<br>33 Bloomfield Hills Pkwy., Ste. 250<br>Bloomfield Hills, MI 48304<br>(248) 644-1500 |