UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SPENCER SEGUIN, and all others similarly situated, | |
| Plaintiffs, | Case No. 24-cv-12691 |
| v. | Honorable Robert J. White |
| ROYAL HIGHNESS, LLC d/b/a HERBOLOGY CANNABIS CO., et al., | |
| Defendants. | |

**OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS THE COLLECTIVE AND CLASS ACTION COMPLAINT**

I.    Introduction

Spencer Seguin commenced this collective action under the Fair Labor Standards Act against his employer, Royal Highness, LLC, and its affiliated business entity, Herbology Cannabis Company ("Herbology," collectively). The "collective and class action" complaint alleges that Herbology retained customer tips that should have been distributed to the employees who earned them.

Before the Court is Herbology's motion to dismiss the complaint. (ECF No. 12). Seguin responded in opposition. (ECF No. 13). Herbology filed a reply. (ECF

No. 14).  The Court will decide the motion without a hearing pursuant to E.D. Mich.

LR 7.1(f)(2).  For the following reasons, the motion is granted.

## II.   Background

### A.   Factual History

Herbology owns and operates cannabis dispensaries throughout Michigan.

(ECF No. 1, PageID.6, ¶ 5).  It hired Seguin as a budtender at the company's River

Rouge location in April 2024. (*Id.*, PageID.7, ¶¶ 11-12; ECF No. 12-1, PageID.56).

Budtenders "work on the sales floor and at the cash register assisting customers in

the selection of cannabis products." (ECF No. 1, PageID.7, ¶ 15).

Seguin's employment agreement with Herbology contains an arbitration

clause that provides:

**ARTICLE 18        DISPUTE RESOLUTION**

18.01        Any dispute, controversy or claim arising out of, relating to or in connection with this Agreement brought by Employee, including without limitation the breach, termination, or validity thereof, shall be resolved by final and binding arbitration located in the State of Michigan or such location mutually agreed upon by the parties in writing. Prior to any commencement of arbitration proceedings, Employer and Employee shall submit to non-binding mediation. The claimant shall commence the arbitration by delivering a notice of arbitration to the respondent setting out the nature of the claim(s) and the relief requested. Within thirty (30) days of the receipt of the notice of arbitration, the respondent shall deliver to the claimant its answer and any counterclaim(s), setting out the nature of such counterclaims(s) and the relief requested. In the event arbitration proceedings are brought to enforce any provision in this Agreement and one party prevails, then the prevailing party shall be entitled to recover from the other party all reasonable costs and expenses of the proceeding, including reasonable fees and disbursements of counsel and what would otherwise be the prevailing party's portion of any court costs. The mediation and arbitration proceedings, including the substance thereof, shall be and remain strictly confidential.

(ECF No. 12-1, PageID.61, Art. 18.01).

Seguin alleges that budtenders earn $15 per hour. (ECF No. 1, PageID.7, ¶

16).  They usually earn about $30 a month in customer tips. (*Id.*).  Supervisors and

2

store managers "oversee the budtenders and work in the back office conducting inventory and completing paperwork, among other managerial tasks." (*Id.*, ¶ 17). Herbology established a "a mandatory tip pool system to distribute tips" to budtenders, supervisors, and store managers. (*Id.*, PageID.8, ¶¶ 21-23). Seguin contends that the mandatory distribution of customer tips to supervisors and store managers violates the Fair Labor Standards Act ("FLSA"). (*Id.*, PageID.11, ¶¶ 38-39).

### B.    Procedural History

Seguin filed this collective and putative class action against Herbology on behalf of himself and other similarly situated budtenders. (ECF No. 1). The complaint alleges violations of the FLSA and a state law cause of action for unjust enrichment. (*Id.*, PageID.10-12, ¶¶ 36-48). Two other budtenders opted into the lawsuit as well – Justen Smiechowski and Madison Meschke.[1] (ECF No. 6,

---

[1] Seguin submitted a consent to sue form on behalf of opt-in plaintiff Abigail Wozniak after the briefing on the current motion already concluded. (ECF No. 15-1, PageID.108). None of the parties contend that Wozniak's employment agreement omits an arbitration clause or that her arbitration clause is materially different from those belonging to Seguin and the other opt-in plaintiffs. "Once they file a written consent, opt-in plaintiffs enjoy party status as if they had initiated the action." *Canaday v. Anthem Companies, Inc.*, 9 F.4th 392, 394 (6th Cir. 2021); *see also* 7B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1807 (3d ed. May 2025 Update) ("every plaintiff who opts in to a collective action has party status").

PageID.31; ECF No. 10-1, PageID.39).  Herbology now moves to compel arbitration against Seguin and the opt-in plaintiffs and to dismiss the complaint. (ECF No. 12).

III.  Legal Standards

When reviewing a motion to dismiss the complaint for failing to state a claim, the Court must "construe the complaint in the light most favorable to the plaintiff and accept all factual allegations as true." *Daunt v. Benson*, 999 F.3d 299, 308 (6th Cir. 2021) (cleaned up); *see also* Fed. R. Civ. P. 12(b)(6).  "The factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead sufficient factual matter to render the legal claim plausible." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quotation omitted).

On a Rule 12(b)(6) motion, federal courts may consider "exhibits attached to defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein." *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008) (cleaned up).  A party seeking to compel arbitration may "rely on Rule 12(b)(6) alone if it thinks dismissal is proper." *Boykin v. Family Dollar Stores of Mich., LLC*, 3 F.4th 832, 838 (6th Cir. 2021).

Herbology attached Seguin's employment agreement, which includes the arbitration clause, to its motion to dismiss the complaint. (ECF No. 12-1, PageID.56-62).  It also attached the opt-in plaintiffs' employment agreements, which includes

4

the identical arbitration clause, to its reply brief. (ECF Nos. 14-1 & 14-2, PageID.91-104).  The Court will consider the employment agreements without converting Herbology's motion to one for summary judgment for two reasons. *See* Fed. R. Civ. P. 12(d).

*First*, the complaint references Seguin's employment with Herbology and that relationship is central to his FLSA claim. (ECF No. 1, PageID.5-7, ¶¶ 1, 4, 7, 11). *Bassett*, 528 F.3d at 430; *see also Gilbo v. Agment*, LLC, 831 F. App'x 772, 775 (6th Cir. 2020) (stating that "the FLSA only applies to employees.").  And *second*, Seguin and the opt-in plaintiffs tacitly consented to the submission of material outside the pleadings because (1) they did not object to Herbology's attachment of the employment agreements to its motion papers or the Court's consideration of those documents, (2) they opposed Herbology's motion by *themselves* referencing the arbitration clause's text, and (3) they actually faulted Herbology for *not* attaching the opt-in plaintiffs' employment agreements to its initial motion to dismiss the complaint. (ECF No. 13, PageID.76).  *But see Tucker v. United Wholesale Mortg., Inc.*, No. 24-1595, 2025 U.S. App. LEXIS 8676, at *2 (6th Cir. Apr. 10, 2025) ("If the court looks beyond the complaint to an arbitration agreement or other evidence outside the four corners of the complaint, we treat it like a summary judgment motion under Civil Rule 56.").

Since the employment agreements are fair game, the Court now turns to the substance of Herbology's motion.

IV.    <u>Analysis</u>

    *A.    Federal Arbitration Act Overview*

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq.*, allows a party to move to compel arbitration in the event of another party's "failure, neglect, or refusal . . . to arbitrate under a written agreement for arbitration." *Id.* at § 4.  Generally, the FAA "reflects an emphatic federal policy in favor of arbitral dispute resolution." *KPMG LLP v. Cocchi*, 565 U.S. 18, 21 (2011) (citation omitted).  It "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Id.* at 21-22 (quotation omitted).

When a party moves to compel arbitration, a court must determine as a threshold matter: (1) "whether the parties agreed to arbitrate"; (2) "the scope of that agreement"; (3) "if federal statutory claims are asserted . . . whether Congress intended those claims to be nonarbitrable"; and (4) if only some of the claims are subject to arbitration, whether to stay the remainder of the proceedings pending the arbitration's disposition. *McGee v. Armstrong*, 941 F.3d 859, 865 (6th Cir. 2019) (quotation omitted); *see also Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir. 2000).

B.    *Applying the McGee Factors*

Based on the factors set forth in *McGee*, the Court finds that the FLSA claim is subject to arbitration.

1.    Agreement to Arbitrate

Since "arbitration agreements are fundamentally contracts," federal courts "review the enforceability of an arbitration agreement according to the applicable state law of contract formation." *Seawright v. Am. Gen. Fin. Servs., Inc.*, 507 F.3d 967, 972 (6th Cir. 2007).  In Michigan, a "valid contract requires five elements: (1) parties competent to contract, (2) a proper subject matter, (3) legal consideration, (4) mutuality of agreement and (5) mutuality of obligation." *Bank of America, N.A. v. First American Title Ins. Co.*, 499 Mich. 74, 101 (2016).  All these elements are satisfied.

No one contests that Seguin and the opt-in plaintiffs are adults and, therefore, competent to contract.  The subject matter is proper because FLSA claims are arbitrable. *Thomas v. Right Choice Staffing Grp., LLC*, No. 15-10055, 2015 U.S. Dist. LEXIS 87073, at *12 (E.D. Mich. Jul. 6, 2015) ("The Sixth Circuit has concluded that FLSA claims are arbitrable."); *see also Floss v. Ryan's Family Steak Houses, Inc.*, 211 F.3d 306, 313 (6th Cir. 2000).

Sufficient legal consideration exists because Seguin and the opt-in plaintiffs consented to arbitrate "[a]ny dispute, controversy or claim arising out of, relating to

or in connection with" their employment agreements in exchange for their employment. (ECF No. 12-1, PageID.57, Art. 18.01; ECF No. 14-2, PageID.92, Art. 18.01; ECF No. 14-3, PageID.99, Art. 18.01). *See Yoches v. City of Dearborn*, 320 Mich. App. 461, 480 (2017) (defining consideration as "some right, interest, profit or benefit accruing to one party, or some forbearance, detriment, loss, or responsibility, given, suffered, or undertaken by the other") (citation omitted) (cleaned up).

And mutual assent is present because Seguin and the opt-in plaintiffs do not dispute that they signed the employment agreements knowing that they included the arbitration clause. *See Sean D. Gardella & Assocs., LLC v. Sieber*, No. 354556, 2021 Mich. App. LEXIS 3756, at *6 (Mich. Ct. App. Jun. 17, 2021) (stating that "[t]he presence of a signature demonstrates mutual assent.").

That leaves the final element – mutuality of obligation. Seguin argues that the arbitration clause lacks mutuality of obligation because it compels only employees to arbitrate, while Herbology is free to pursue its own claims through arbitration or civil litigation. (ECF No. 13, PageID.69-71). Granted, the arbitration clause is limited to "[a]ny dispute, controversy or claim . . . *brought by [the] Employee*." (ECF No. 12-1, PageID.61, Art. 18.01) (emphasis added). But that type of unilateral obligation does not impugn the arbitration clause's validity since "[t]he enforceability of a contract depends . . . on consideration and not mutuality of

8

obligation." *Hall v. Small*, 267 Mich. App. 330, 334 (2005) (quotation omitted); *see also Toussaint v. Blue Cross & Blue Shield of Michigan*, 408 Mich. 579, 600 (1980). So long as there is sufficient consideration underlying a broader contractual arrangement that includes an arbitration clause, there is no need for mutuality obligation as to the arbitration provision specifically. *See Hall*, 267 Mich. App. at 334; *see also Jay B. Schreier & Michelle H. Schreier v. Solomon*, No. 277687, 2008 Mich. App. LEXIS 1955, at *9 (Mich. Ct. App. Sep. 23, 2008) (stating that "*Hall* applies equally to an arbitration provision because the reasoning flows from the basic rule of contract law that when a contract involves multiple promises, whatever consideration is paid for all of the promises is consideration for each one."); *Wilson Electrical Contractors, Inc. v. Minnotte Contracting Corp.*, 878 F.2d 167, 169 (6th Cir. 1989) (holding that arbitration clause is enforceable and does not require separate consideration "[b]ecause the contract as a whole did not lack consideration"); *High v. Capital Senior Living*, 594 F. Supp. 2d 789, 799 (E.D. Mich. 2008) ("The one-sided nature of the arbitration agreement in this case . . . does not render it unenforceable as a matter of law.").

Because all the requirements for a valid contract are present, Seguin and the opt-in plaintiffs agreed to arbitrate their disputes with Herbology.

2.    The Arbitration Clause's Scope

The next question is whether the parties' tip-retention dispute falls within the arbitration clause's scope.  "[B]roadly written arbitration clauses must be taken at their word and extend to situations that fall within their purview." *Watson v. Wyatt & Co. v. SBS Holdings, Inc.*, 513 F.3d 646, 650 (6th Cir. 2008).  Seguin and the opt-in plaintiffs signed identical employment agreements compelling arbitration of "[a]ny dispute, controversy, or claim arising out of, relating to or in connection with this Agreement." (ECF No. 12-1, PageID.61, Art. 18.01; ECF No. 14-2, PageID.96, Art. 18.01; ECF No. 14-3, PageID.103, Art. 18.01).  Because the unlawful tip-retention dispute necessarily arises from Seguin and the opt-in plaintiffs' employment, the arbitration clause covers the FLSA claim. *See Harb v. Mario Gibson LLC*, No. 24-11236, 2025 U.S. Dist. LEXIS 116544, at *7-8 (E.D. Mich. Jun. 18, 2025) (concluding that a similarly worded arbitration agreement encompassed FLSA unpaid overtime litigation).

Seguin disagrees with this conclusion.  He maintains that the arbitration clause does not extend to the current dispute because the FLSA claim does not hinge upon any of the employment agreement's contractual terms. (ECF No. 13, PageID.73). And he urges the Court to follow the standard enunciated in *Nestle Waters N. Am., Inc. v. Bollman*, 505 F.3d 498 (6th Cir. 2007), where the Sixth Circuit held that "[i]n deciding whether an issue is within the scope of an arbitration agreement courts

should ask if an action could be maintained without reference to the contract or *relationship at issue*.  If it could, it is likely outside the scope of the arbitration agreement." *Id.* at 504 (emphasis added, quotation omitted); *see also Fazio v. Lehman Bros., Inc.*, 340 F.3d 386, 395 (6th Cir. 2003).

But even the *Nestle* test undercuts Seguin's position.  That's because this "action" could not be "maintained without reference" to the "relationship at issue," *i.e.*, the employer-employee relationship that the employment agreement established between Herbology, Seguin, and the opt-in plaintiffs.  Think of it this way: Seguin and the opt-in plaintiffs could never have earned the customer tips to which they claim an entitlement in the absence of an employment relationship with Herbology. And that relationship exists solely because of their employment agreements, which contain the disputed arbitration clause.  So the FLSA claim falls within the arbitration clause's scope because the cause of action "aris[es] out of" the employment agreements. (ECF No. 12-1, PageID.61, Art. 18.01; ECF No. 14-2, PageID.96, Art. 18.01; ECF No. 14-3, PageID.103, Art. 18.01).

### 3.    Congressional Intent

Congress's intent regarding the arbitrability of the FLSA claim is a more straightforward analysis.  "Mandatory arbitration agreements in the employment context are governed by the Federal Arbitration Act." *Mazera v. Varsity Ford Mgmt. Servs., LLC*, 565 F.3d 997, 1001 (6th Cir. 2009).  And FLSA claims, as noted above,

are arbitrable. *Thomas*, 2015 U.S. Dist. LEXIS 87073, at *12; *see also Floss*, 211 F.3d at 313.   So Congress's intent as to the FLSA claim's arbitrability is not contested.

###### 4.      Staying These Proceedings for Non-Arbitrable Claims

The last *McGee* factor asks whether a stay is warranted in this case for any non-arbitrable claims.   Aside from the purported FLSA violation, the complaint asserts only one other cause of action – a state law unjust enrichment claim. (ECF No. 1, PageID.12, ¶¶ 44-48).   That cause of action, however, is also subject to arbitration since it necessarily arises from the employer-employee relationship that the employment agreements established between Herbology, Seguin, and the opt-in plaintiffs.[2]  As a result, there is no need to stay these proceedings on account of any non-arbitrable claims.    And compelling arbitration of the FLSA and unjust enrichment claims is appropriate. *See* 9 U.S.C. § 4.

---

[2] Federal courts apply the *McGee* factors when evaluating whether to compel the arbitration of state law claims.  They typically omit the third factor from the analysis because that inquiry, *i.e.*, whether Congress intended federal statutory claims to be non-arbitrable, is immaterial. *See Stout*, 228 F.3d at 716 (applying the *McGee* factors to Ohio Consumer Sales Practices Act violations and common law fraud); *see also Havsy v. State Farm Mut. Auto. Ins. Co.*, No. 23-463, 2025 U.S. Dist. LEXIS 87216, at *6 n.2 (E.D. Tenn. May 7, 2025) (applying the *McGee* factors to state law claims and skipping the third factor); *Condon v. Vanderbilt Univ. Med. Ctr.*, No. 22-00847, 2023 U.S. Dist. LEXIS 140348, at *6 (M.D. Tenn. Aug. 11, 2023) (same); *Credit Acceptance Corp. v. Davisson*, 644 F. Supp. 2d 948, 960 (N.D. Ohio 2009) (same).

C.      *Cost and Fee-Shifting Provision Enforceability*

Although the arbitration clause is valid and enforceable, Seguin claims that the clause's cost and fee-shifting provisions are unenforceable because they "deter litigants from pursuing their rights." (ECF No. 13, PageID.76).  Those provisions authorize the prevailing party to "recover . . . all reasonable costs and expenses of the [arbitration] proceeding, including reasonable fees and disbursements of counsel and what would otherwise be the prevailing party's portion of any court costs." (ECF No. 12-1, PageID.61, Art. 18.01; ECF No. 14-2, PageID.96, Art. 18.01; ECF No. 14-3, PageID.103, Art. 18.01).

Federal statutory rights, like those created under the FLSA, "may be subject to mandatory arbitration only if the arbitral forum permits the effective vindication of those rights." *Morrison v. Circuit City Stores*, 317 F.3d 646, 658 (6th Cir. 2003). In the event cost or fee-shifting "under a particular arbitration agreement effectively prevents the vindication of a plaintiff's statutory rights, those rights cannot be subject to mandatory arbitration under that agreement." *Id.*  "Where . . . a party seeks to invalidate an arbitration agreement on the ground that arbitration would be prohibitively expensive, that party bears the burden of showing the likelihood of incurring such costs." *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 92 (2000).

With respect to costs, the Sixth Circuit Court of Appeals has long held that a "prevailing defendant can recover costs under the FLSA." *Frye v. Baptist Mem. Hosp., Inc.*, 507 F. App'x 506, 508 (6th Cir. 2012). So the cost-shifting provision cannot interfere with Seguin or the opt-in plaintiffs' "effective vindication" of their FLSA "rights." *Morrison*, 317 F.3d at 658. What is more, Seguin and the opt-in plaintiffs neglected to proffer affidavits, declarations, or any other evidence demonstrating that the cost-shifting provision would render the prospect of arbitration "prohibitively expensive." And because they failed to meet this burden, there is no discernible ground to invalidate the cost-shifting provision.

As for fees, however, the FLSA is clear: only prevailing plaintiffs are entitled to attorney fees. 29 U.S.C § 216(b); *see also EEOC v. Memphis Health Ctr.*, 526 F. App'x 607, 616 (6th Cir. 2013) (White, J. concurring). So even without evidence of the arbitration's prospective costs, the fee-shifting provision is unenforceable – as a matter of law – because it "substantially thwarts the statutory enforcement scheme erected by the FLSA." *Daugherty v. Encana Oil & Gas (USA), Inc.*, No. 10-2272, 2011 U.S. Dist. LEXIS 76802, at *33 (D. Colo. Jul. 15, 2011); *see also Dedmon v. OKC Southern Hills Invs., LLC*, No. 21-00073, 2021 U.S. Dist. LEXIS 216439, at *6 (W.D. Okla. Nov. 9, 2021) (severing the "fee-shifting portions of [an] arbitrability clause to the extent" it "impose[d] obligations different from those established under

14

the FLSA"); *Mantooth v. Bavaria Inn Rest., Inc.*, No. 17-1150, 2018 U.S. Dist. LEXIS 82480, at *25 (D. Colo. May 16, 2018) (same).

Since the employment agreements contain a severance clause that ensures the validity of the remaining contractual terms when "any court of proper jurisdiction holds any term of this Agreement . . . unenforceable," the Court declines to enforce and "will not permit the arbitrator to enforce and give effect to" the arbitration clause's fee-shifting provision. (ECF No. 12-1, PageID.60, Art. 13.01; ECF No. 14-2, PageID.95, Art. 13.01; ECF No. 14-3, PageID.102, Art. 13.01). *Daugherty*, 2011 U.S. Dist. LEXIS 76802, at *34. This ruling in no way impacts the enforceability of the arbitration clause's residual terms, including the cost-shifting provision.

### D.    *Individual vs. Classwide Arbitration*

Turning to the arbitral forum, Herbology insists that Seguin and the opt-in plaintiffs must proceed individually rather than as a class. (ECF No. 12, PageID.52-54).

"An agreement must expressly include the possibility of classwide arbitration" for a federal court "to conclude that the parties agreed to it." *AlixPartners, LLP v. Brewington*, 836 F.3d 543, 553 (6th Cir. 2016). Here, the arbitration clause is "silent on the availability of classwide arbitration," so a federal court "may not presume from 'mere silence' that the parties consented to it." *Id.*; *see also Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 687 (2010). And

the arbitration clause's scope is limited to "[a]ny dispute, controversy or claim arising out of, relating to or in connection with *this Agreement*" – "as opposed to other employees' and/or potential employees' agreements." (ECF No. 12-1, PageID.61, Art. 18.01; ECF No. 14-2, PageID.96, Art. 18.01; ECF No. 14-3, PageID.103, Art. 18.01) (emphasis added). *AlixPartners*, 836 F.3d at 553.

Without an express indication to the contrary, "the parties' arbitration clause does not authorize classwide arbitration." *AlixPartners*, 836 F.3d at 553. Seguin and the opt-in plaintiffs must, therefore, "proceed on an individual basis." *Id.*

E.   *Stay vs. Dismissal*

Lastly, the Court must decide whether to stay this litigation pending the arbitration's conclusion or dismiss the action entirely. The FAA requires federal courts to stay pending litigation where the underlying dispute is arbitrable, one of the parties applied for a stay, and "the applicant for the stay is not in default in proceeding with such arbitration." 9 U.S.C. § 3; *see also Smith v. Spizzirri*, 601 U.S. 472, 475-76 (2024) ("When a federal court finds that a dispute is subject to arbitration, and a party has requested a stay of the court proceeding pending arbitration, the court does not have discretion to dismiss the suit on the basis that all the claims are subject to arbitration."); *Arabian Motors Group W.L.L. v. Ford Motor Co.*, 19 F. 4th 938, 941-43 (6th Cir. 2021) (same).

16

Because all the claims asserted in this litigation are subject to arbitration and neither party has applied for a stay, the Court will dismiss the complaint without prejudice to a subsequent action seeking to confirm, vacate, or modify the arbitrator's award. *See* 9 U.S.C. §§ 9-11; *see also Arabian Motors*, 19 F. 4th at 942 (observing that "[t]here may be situations in which a dismissal remains permissible," for instance, "a situation in which neither party asks for a stay.").  Accordingly,

IT IS ORDERED that Herbology's motion to dismiss the complaint (ECF No. 12) is granted.

IT IS FURTHER ORDERED that the parties are compelled to arbitration in accordance with the parameters delineated in this opinion and order.

IT IS FURTHER ORDERED that Seguin's motion for court-authorized notice pursuant to 29 U.S.C. § 216(b) (ECF No. 16) is denied as moot.

IT IS FURTHER ORDERED that the Clerk of the Court is directed to close the case.

Dated: September 30, 2025             <u>s/ Robert J. White           </u>
                                               Robert J. White
                                             United States District Judge